


## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Gund Business Enterprises, Inc.<br>1228 Euclid Avenue, 6th Floor<br>Cleveland, Ohio 44115<br><br>Plaintiff,<br><br>v.<br><br>The Interpublic Group of Companies, Inc.<br>1271 Avenue of the Americas<br>New York, New York 10020,<br><br>Defendant. | 1:02CV 1442<br><br>JUDGE MANOS<br><br>MAG. JUDGE VECCHIARELLI<br><br>COMPLAINT<br><br>(Jury Demanded) |

Plaintiff Gund Business Enterprises, Inc. ("Gund"), for its Complaint, states as follows:

### INTRODUCTION

1. Gund is a corporation organized and existing under the laws of the State of Ohio. Gund's principal place of business is located in Ohio.

2. Defendant The Interpublic Group of Companies, Inc. is a corporation organized and existing under the laws of the State of Delaware. Defendant's principal place of business is located in the State of New York.

CL-694204v1

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. This matter involves a controversy between citizens of different states with an amount in controversy exceeding $75,000.

4. This Court has personal jurisdiction over defendant because defendant transacted business in this state.

5. Venue is this district is proper because a substantial part of the events giving rise to the claim herein occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## FACTS

6. Defendant is an advertising agency holding company based in New York City.

7. Defendant has four operating divisions, including the McCann-Erickson WorldGroup.

8. One of the companies within the McCann-Erickson WorldGroup is Nationwide Advertising Services. ("Nationwide"). Nationwide is a full-service advertising agency specializing in human resources.

9. Nationwide previously was owned by Gund. On June 27, 2000, Gund sold and defendant purchased all of the membership interests in Nationwide.

10. Specifically, Gund and defendant (collectively, "the Parties") executed a Purchase Agreement dated June 27, 2000. Because Section 17.06 of the Purchase Agreement requires the Parties to keep confidential and not disclose the terms of the Purchase Agreement, the Agreement itself is not attached and only the relevant portion is recited herein.

11. Under Section 3.05 of the Purchase Agreement, Gund as Seller holds certain rights to deferred payments.

12. Section 3.05(b) provides, in relevant part:

> [I]t is expressly agreed that the Seller shall promptly be given a copy of the 2001 Financial Statements once the same have been received and accepted by Interpublic, and if the Seller **in its absolute discretion** determines that the Company has not been operated during the period from the Closing Date up to December 31, 2001 in the same manner as it was operated during the one-year period prior to the Closing Date (excluding modifications to the Company's operation as are contemplated by this Agreement, reasonable restructuring changes to integrate the Company into the Interpublic group, changes as a result of the implementation by the Company of Interpublic's standard policies and procedures and such other changes as may be consented to by the Seller) then the Seller may give written notice to Interpublic; and provided that this notice is delivered to Interpublic within 15 days after receipt by the Seller of the 2001 Financial Statements, then the Second Deferred Payment shall be Twenty Five Million Dollars ($25,000,000). [Emphasis added.]

## COUNT I - BREACH OF CONTRACT

13. Gund incorporates each and every allegation contained in paragraphs 1 through 12 of this Complaint as though fully set forth herein.

14. Nationwide has not been operated during the period from the Closing Date up to December 31, 2001 in the same manner as it was operated during the one-year period prior to the Closing Date.

15. Among other things, Nationwide has laid off as much as thirty percent of its workforce. This reduction in the workforce is contrary to how Nationwide was operated when it was owned by Gund.

16. These differences in Nationwide's operations were not contemplated by the Purchase Agreement, were not reasonable restructuring changes to integrate the Company into the Interpublic Group, were not the result of the implementation by the Company of Interpublic's standard policies and procedures and were not consented to by Gund.

17. Under Section 3.05(b) of the Purchase Agreement, Gund has the "absolute discretion" to determine whether there have been differences in the operations of Nationwide that would trigger defendant's obligation to make a deferred payment of $25,000,000. Gund exercised that discretion and determined that Nationwide had been operated differently so as to cause defendant to be required to pay Gund $25,000,000 in deferred payments. Pursuant to the terms of the Agreement, on April 11, 2002 (within 15 days after receipt by Gund of the 2001 Financial Statements), Gund delivered to defendant written notice of its determination that Gund was entitled to a deferred payment of $25,000,000, under Section 3.05(b) of the Purchase Agreement.

18. Gund has performed its obligations under the Purchase Agreement, including, without limitation, all conditions precedent to defendant's obligation to pay the Second Deferred Payment.

19. On or about April 25, 2002 and continuing since that time, in breach of its obligations under Section 3.05(b) of the Purchase Agreement, defendant refused to pay the Second Deferred Payment in the amount of $25,000,000.

20. Defendant's refusal to pay proximately caused damages to Gund in the amount of $25,000,000, plus pre- and post-judgment interest at the statutory rate and Gund's attorneys' fees and costs in this action.

WHEREFORE, Gund respectfully prays for an order:

A. Awarding to Gund, damages sustained as result of defendant's wrongful acts; and

B. Granting Gund any further relief that the law, equity and justice require.

Respectfully submitted,

_____
David A. Kutik  (0006418)
Paula Batt Wilson  (0065421)
Dustin B. Rawlin  (0072870)
JONES, DAY, REAVIS & POGUE
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Facsimile:   (216) 579-0212

Attorneys for Plaintiff
GUND BUSINESS ENTERPRISES, INC.

## JURY DEMAND

Gund Business Enterprises, Inc. hereby requests a trial by jury.

_____
Attorney for Plaintiff

- 5 -

CL-694204v1